IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT PIERRE KIDD,

                    Plaintiff,

   v.                                                OPINION and ORDER

NEW LISBON CORRECTIONS EMPLOYEES            25-cv-864-jdp
AND ASSOCIATES,

                    Defendants.

---

     Plaintiff Robert Pierre Kidd, proceeding without counsel, is a prisoner at New Lisbon Correctional Institution. Kidd alleges that prison employees allowed one of his anti-seizure medications to run out, which caused him to have a seizure. Kidd has made an initial partial payment of the filing fee as directed by the court.

     The next step is for me to screen Kidd's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that Kidd fails to state a claim that this court can hear, so I will dismiss the case.

ANALYSIS

     Kidd alleges that in June 2024, staff at the prison ran out of one of his anti-seizure medications and that he suffered a seizure without that medication. Kidd filed a grievance

about the incident, which he won, with the institution complaint examiner stating that staff should have ordered him medication from the local pharmacy to cover the gap.

Kidd states that he is suing for a violation of his rights under federal law. An initial problem with his complaint is that he doesn't list individual defendants in the caption of his complaint, naming only "New Lisbon Corrections Employees and Associates" as the defendants. And in the body of the complaint, he names only officials involved in addressing his inmate grievance about the deprivation of his medicine. But by that point he had received his medication; the grievance examiners didn't violate his rights.

Even if Kidd were to amend his complaint to name as defendants the staffers who let his medication lapse, those allegations plausibly suggest only negligence on their part. "[N]egligence, even gross negligence, does not violate the Constitution." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). If Kidd meant to proceed on a state-law negligence claim, this court couldn't consider it. Without a federal-law claim in this case, this federal court cannot consider a state-law claim unless Kidd were to show that the requirements for the court's diversity jurisdiction are met: that he and defendants are citizens of different states and that more than $75,000 is in controversy. 28 U.S.C. § 1332. Kidd states that he is a Wisconsin citizen, and there isn't any reason to think that the prison employees who let his medication lapse are all citizens of different states,

The Court of Appeals for the Seventh Circuit has cautioned against dismissing an unrepresented plaintiff's case without giving them a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But in this case, dismissal of this lawsuit is appropriate because there isn't any reason to think that Kidd could amend his complaint to fix the problems discussed above. I will also direct the clerk of court to record a "strike" under

2

28 U.S.C. § 1915(g). *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021) (affirming district court's dismissal, which issued a strike based on plaintiff's failure to state a federal claim, and acknowledging relinquishment of supplemental jurisdiction over negligence claim); *Faust v. Parke*, 114 F.3d 1191, 1997 WL 284598 at *3 (7th Cir. 1997) (counting dismissal as strike where all federal claims were dismissed and where court declined to retain jurisdiction over state-law claim).

ORDER

IT IS ORDERED that:

1. This case is DISMISSED.

2. The clerk of court is directed to record a strike under 28 U.S.C. § 1915(g).

3. The clerk of court is directed to enter judgment accordingly and close this case.

Entered December 2, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge